**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § § | **COMPLAINT** **AND JURY TRIAL DEMAND** |
| AMERICAN AIRLINES, INC., | § § | |
| Defendant. | § § | |
| | § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Etha K. Littlejohn. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant American Airlines, Inc. ("Defendant") subjected Littlejohn to discrimination in violation of the ADA by failing or refusing to provide her with reasonable accommodation for her disability and discharging her from employment on the basis of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division.

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3).

4.      At all relevant times, American Airlines, Inc. ("Defendant" or "American Airlines"), a Delaware corporation, has continuously been doing business in the State of Texas and the City of Fort Worth, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) & 12111(7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      During calendar years 2016, 2017, 2018, 2019 and 2020, Defendant continuously employed more than 500 employees.

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Etha K. Littlejohn ("Littlejohn") filed an administrative charge of discrimination with the Commission, EEOC Charge No. 450-2021-01811, alleging violations of the ADA by Defendant.

9.      The Commission sent to Defendant a timely notice of the administrative charge of discrimination filed by Littlejohn.

10.     On June 25, 2025, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated the ADA by subjecting Littlejohn to unlawful denial of reasonable accommodation and to discharge because of such unlawful denial of reasonable accommodation and on the basis of disability.

11.     The administrative Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the administrative Determination.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.     On August 11, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF FACTS**

16.     Since at least December 28, 2016 until on or about October 2020, Defendant engaged in a continuing course of unlawful employment practices in Fort Worth, Texas in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b).

17.    Littlejohn is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

18.    Since approximately July 2012, Littlejohn has had an impairment, cortical blindness, that substantially limits her vision.

19.    American Airlines hired Littlejohn as a Reservations Representative in January 2012.

20.    At all relevant times, Reservations Representatives have performed customer service functions by speaking with callers by phone and simultaneously navigating American Airlines' desktop and software.

21.    Littlejohn performed her duties as a Reservations Representative adequately between January and July 2012.

22.    On or about July 20, 2012, Littlejohn began a medical leave of absence with approval from Defendant to recover from an injury that caused her to experience permanent cortical blindness.

23.    On or about December 20, 2016, Littlejohn requested to return to work effective December 28, 2016. She submitted a request for reasonable accommodation form completed by her healthcare provider that identified her disability as cortical blindness and also identified a part-time schedule and assistive technology as suggested accommodations.

24.    Because she is blind, Littlejohn uses Job Access With Speech ("JAWS"), a screen reader application, to navigate computer desktops and websites.

25.    In connection with her request for an accommodation, Littlejohn communicated to Defendant that the Texas Workforce Solutions–Vocational Rehabilitation Services Division for Blind Rehabilitations Services ("DARS") would provide American Airlines with JAWS, the

necessary assistive technology, to perform tasks on electronic devices as needed at work.

26.     Littlejohn referred American Airlines to resources for configuring JAWS that are offered to employers by the non-profit organizations Lighthouse for the Blind and National Federation of the Blind ("NFB") and by DARS.

27.     On or about January 18, 2017, Defendant's Human Resources Business Partner for Domestic Reservations, Marilyn Flores, informed Littlejohn that Defendant had never reasonably accommodated a fully blind employee—only visually impaired individuals who could work with a screen magnifier accommodation. Flores also told Littlejohn that she did not believe Defendant could reasonably accommodate Littlejohn in the Reservation Representative position.

28.     Neither Flores, nor any other Defendant employee, made any efforts to determine whether JAWS was or could be made compatible with the software used by Defendant's Reservation Representatives before the January 18, 2017 conversation in which Flores told Littlejohn that Defendant could not reasonably accommodate her in the Reservation Representative position.

29.     Flores told Littlejohn that instead of accommodating Littlejohn in the Reservation Representative position, Flores would look into accommodating Littlejohn through a transfer to another position.

30.     Flores never informed Littlejohn of any alternative positions to which Littlejohn could be transferred as a reasonable accommodation.

31.     Littlejohn subsequently requested to Defendant that she be considered for the positions of Baggage Resolution Specialist, Customer Service Representative, and Social Customer Service Representative.

32.     Defendant did not consider transferring or selecting Littlejohn for the positions of

Baggage Resolution Specialist, Customer Service Representative, and Social Customer Service Representative positions in response to her request or otherwise.

33.    In August 2017, Defendant contacted NFB to request assistance in configuring JAWS.

34.    Defendant did not utilize any third-party resources available to employers to configure JAWS between December 2016, when Littlejohn first requested reasonable accommodation, and August 2017, when it contacted NFB.

35.    In July 2018, a third-party consultant, The Paciello Group, conducted JAWS compatibility testing on Defendant's software used by Reservations Representatives. This was the first and only time Defendant conducted any third-party compatibility testing since receipt of Littlejohn's reasonable accommodation request approximately 18 months earlier.

36.    The Paciello Group informed Defendant that custom JAWS scripts could potentially be written to remediate accessibility issues, though it could not be certain that the work would result in full accessibility. These custom JAWS scripts, written in JAWS Scripting Language, would tell JAWS how to navigate tasks specific to Defendant's proprietary software.

37.    Thereafter, Defendant decided that it would not undertake any efforts to make its software used by Reservations Representatives compatible with JAWS.

38.    Thereafter, Defendant refused to permit use of JAWS as a reasonable accommodation for Littlejohn's disability and declined to undertake any additional actions to determine its feasibility for that purpose.

39.    Defendant declined to even attempt use of JAWS as a reasonable accommodation for Littlejohn's disability. Upon information and belief, such use of JAWS by Littlejohn as a reasonable accommodation would have enabled her to perform the essential functions of the

position of Reservations Representative, with or without additional reasonable accommodations.

40.     After January 2019 until February 2020, Defendant did not take any additional actions to identify or provide reasonable accommodations for Littlejohn or identify or review other potential reasonable accommodations.

41.     Jillian Sessions-Stackhouse, a Senior Specialist in Defendant's human resources department, told Littlejohn she would look into job vacancies that did not require the use of JAWS or other screen reader technology.

42.     Sessions-Stackhouse did not follow up with Littlejohn again until August 2020, when she informed her that Defendant had implemented a hiring freeze due to the COVID-19 pandemic.

43.     In October 2020, Defendant discharged Littlejohn from her employment.

44.     At the time of Defendant's discharge of Littlejohn, she had been on an unpaid, involuntary leave of absence for almost four years because of Defendant's failure to permit her return to work with reasonable accommodation.

45.     Defendant terminated Littlejohn's employment on the basis of her cortical blindness and its failure to provide her with reasonable accommodation for her cortical blindness.

**STATEMENT OF CLAIMS**

**COUNT I**

**(ADA – Failure to Provide Reasonable Accommodation)**

46.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-45 of this Complaint as if fully set forth herein.

47.     Since at least December 28, 2016 and continuing until on or about October 2020, Defendant engaged in unlawful employment practices in violation of Sections 102(a) and

102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(5)(A), by denying Littlejohn one or more reasonable accommodations, including but not limited to the use of visual accessibility assistive technology in the Reservations Representative position or transfer to another position.

48.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

49.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Littlejohn.

50.     The effect of the unlawful employment practices complained of herein has been to deprive Littlejohn of equal employment opportunities on the basis of her disability.

## COUNT II

### (ADA – Discharge)

51.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-50 of this Complaint as if fully set forth herein.

52.     Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1), by discharging Littlejohn on the basis of disability and as a result of Defendant's unlawful failure to provide reasonable accommodation for disability.

53.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

54.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Littlejohn.

55.    The effect of the unlawful employment practices complained of herein has been to deprive Littlejohn of equal employment opportunities on the basis of her disability.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees because of their disabilities.

B.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to provide reasonable accommodations to qualified employees with disabilities.

C.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendant to make whole Littlejohn by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay and an additional amount to compensate her for the adverse tax consequences of receiving a lump sum payment of wages in a single tax year that would have been earned in multiple tax years.

E.    Order Defendant to make whole Littlejohn by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

F.      Order Defendant to make whole Littlejohn by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

G.      Order Defendant to pay Littlejohn punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

ANDREW B. ROGERS
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

ANN HENRY
ACTING ASSISTANT REGIONAL ATTORNEY

/S/ ALEXA LANG
ALEXA LANG
TRIAL ATTORNEY

Texas State Bar No. 24105356
Email: alexa.lang@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
217 S. Houston St., 3rd floor
Dallas, Texas 75201
Telephone: 972-918-3648
Facsimile: 214-253-2749

**ATTORNEYS FOR PLAINTIFF**