**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-01056-P** |
| | § | |
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**JOINT MOTION TO CONDUCT CERTAIN DEPOSITIONS OUT OF TIME**

Pursuant to the Court's Scheduling Order Dkt. No. 11, ¶ 6, Defendant American Airlines, Inc. ("American") and Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") (jointly, the "Parties") hereby file this Joint Motion to Conduct Certain Depositions Out of Time ("the Motion") in the above-styled and numbered action. In support, the Parties state as follows:

1. On June 11, 2026, the Court granted an extension of all remaining deadlines by thirty days. Dkt. No. 49. Discovery is scheduled to close on or about September 8, 2026.

2. On July 8, 2026, the EEOC designated Thomas Logan ("Logan") as an expert witness on computer accessibility issues, and Mr. Logan issued and served his expert report that same day. At the end of July 2026, Thomas Logan conducted an on-site inspection of American Airlines computer applications that was authorized by the Court. The EEOC advises that Logan intends to supplement his report based on his on-site inspection on or around August 13, 2026. Mr. Logan's deposition is noticed to occur within the current discovery period on August 24, 2026.

3. On July 8, 2026, Plaintiff filed its supplemental designation and disclosure of expert witnesses, which supplemented Sean Tikkun, PhD as an additional expert. Dkt. No. 69. American promptly requested deposition dates for Dr. Tikkun's deposition. Dr. Tikkun was not available

for deposition during the current discovery period when the parties' counsel were also available. The parties, subject to the Court's approval, have agreed to take Dr. Tikkun's deposition on September 10, 2026 in North Carolina. Given the scheduling conflicts and Dr. Tikkun's presence in North Carolina where the deposition will be conducted, and the agreement between the parties, good cause exists to take this deposition outside the current discovery period. None of the Court's other existing deadlines are affected by this change and Daubert motions cannot even be filed prior to October 8, 2026 under the current scheduling order. Dkt. No. 11 ¶ (4)(d); Dkt. No. 49.

4. On June 29, 2026, the Court ordered the EEOC to make a corporate representative available on specified topics. Dkt. No. 64. The EEOC designated two individuals as corporate representatives, including a senior attorney who is located in Washington, D.C. The deposition of the Washington D.C. corporate representative attorney was noticed by American for August 17, 2026, within the current discovery period. However, the EEOC's expert, Thomas Logan, intends to supplement his expert report, and the EEOC has represented that its corporate representative is unable to testify fully on her designated topic until Mr. Logan's supplementation has occurred. The EEOC requested, and American agreed—subject to the Court's approval—to take the deposition outside the current discovery period on or about September 15, 2026. Based on the scheduling sequences and the parties' agreement to conduct this deposition outside the present discovery period, good cause exists to conduct this deposition on or about September 15, 2026. None of the Court's other existing deadlines are affected by this change.

5. On August 7, 2026, American filed its disclosure of expert witnesses. American has stated an intent to supplement its disclosures in response to Logan's supplement. EEOC has requested to depose American's experts after receipt of their supplemental reports. The parties are agreeable, subject to the Court's approval, to taking American's expert witness depositions out of

time at a mutually convenient time in September 2026 after they have supplemented their expert reports in response to the EEOC's expert's supplement. American's experts are located in Vancouver, B.C., Ohio and Dallas, Texas. Good cause exists to take these depositions in September 2026 due to the scheduling conflicts of counsel, the expert witness' locations, the agreement of the parties, and the fact that *Daubert* motions are not due until after October 8, 2026. No other court deadlines will be affected by this change.

6. For the foregoing reasons, the Parties respectfully request that the depositions of Dr. Sean Tikkun, Sara Smolik, Esq. (EEOC Sr. Counsel), Mark Tudela, Don Turnbull, and Helen Reynolds be conducted after the close of the discovery period, but within the month of September 2026. This request is made with good cause and not for the purpose of the delay. None of the Court's other deadlines are affected by this request.

Respectfully submitted,

*/S/ ALEXA LANG* (WITH PERMISSION)
ALEXA LANG
SENIOR TRIAL ATTORNEY
TEXAS STATE BAR NO. 24105356
EMAIL: ALEXA.LANG@EEOC.GOV
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
DALLAS DISTRICT OFFICE
207 S. HOUSTON ST., 3RD FLOOR
DALLAS, TEXAS 75201
TELEPHONE: 972-918-3648
FACSIMILE: 214-253-2749

**ATTORNEY FOR PLAINTIFF**

*/s/ Russell D. Cawyer*
Russell D. Cawyer
State Bar No. 00793482
Lars L. Berg
State Bar No. 00787072
John R. Gillett
State Bar No. 24136859
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 878-3562
Facsimile: (817) 335-2820
Email: russell.cawyer@kellyhart.com
Email: lars.berg@kellyhart.com
Email: john.gillett@kellyhart.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On this day, August 11, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ *Russell D. Cawyer*
Russell D. Cawyer